UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JIMMY W. MASINGILL, JR..** | ) |
| | ) |
|    **Plaintiff/Respondent,** | ) |
| | ) |
| v. | )   **Case No.: 20-CV-524** |
| | ) |
| **SERVISFIRST BANCSHARES,** | ) |
| **INC.; RON MORRISON; BART** | ) |
| **MCBRIDE; TEAM WINDMILL,** | ) |
| **LLC; PIGEON BRANCH, LLC;** | ) |
| **ET AL.,** | ) |
| | ) |
|    **Defendants/Petitioners.** | ) |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT & BANKRUPTCY JUDGES, ALL PARTIES IN THE ABOVE-REFERENCED STATE COURT CIVIL ACTION HEREBY REMOVED, THE CLERK OF THE STATE COURT, AND THE CLERK OF THE UNITED STATES DISTRICT & BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION:

PLEASE TAKE NOTICE that SERVISFIRST BANCSHARES, INC., RON MORRISON, BART MCBRIDE and TEAM WINDMILL, LLC (hereinafter collectively referred to as "Removal Defendants") submit this Notice of Removal in accordance with Rule 9027 of the Federal Rules of Bankruptcy Procedure, 28 U.S.C. § 1452(a), 28 U.S.C. § 157(a) and Southern District of Alabama General L.R. 87, or in the alternative, pursuant to 28 U.S.C. 1441, and respectfully represents as follows:

### The Northern District Bankruptcy Case

1. On September 5, 2019, JIMMY W. MASINGILL, JR. (hereinafter "Debtor") filed a voluntary chapter 7 petition, commencing a case (the "Chapter 7 Case") before the United States Bankruptcy Court for the

Northern District of Alabama, Southern Division. The Chapter 7 Case was designated as Case No. 19-03599-TOM7.

2. On September 20, 2019, the Bankruptcy Court appointed Andre Toffel as Trustee (hereinafter "Trustee) in the Chapter 7 Case.

3. In the Schedules and other disclosures filed with the Bankruptcy Court, Debtor failed to list the claim against ServisFirst Bank (or ServisFirst Bancshares, Inc.) and others as an asset of the estate in the Chapter 7 Case.

4. Debtor failed to identify the claim against ServisFirst Bank (or ServisFirst Bancshares, Inc.) and others at the First Meeting of Creditors in the Chapter 7 Case.

5. On March 4, 2020, ServisFirst Bank filed a Complaint to Except Debt from Discharge against the Debtor under 11 U.S.C. § 523(a)(6) pertaining to the Debtor's failure to remit to ServisFirst Bank the net sales proceeds of collateral sold by Debtor to a third parties during 2017-2019 (hereinafter the "Section 523(a)(6) Case"). The Section 523(a)(6) Case is still pending before the U.S. Bankruptcy Court for the Northern District of Alabama, Case Number AP 20-00012-TOM.

6. Based upon the Debtor's failure to disclose the claim against the Defendants, the Trustee filed a No Asset Report, no creditors filed claims and the Debtor received a discharge on March 6, 2020 in the Chapter 7 Case.

7. On May 7, 2020, Debtor assigned his statutory redemption rights "together with all right, title and interest of Assignor [Jimmy W. Masingill, Jr.] in and to the property described or referred to in the aforesaid mortgage to Will Kadish, his heirs and assigns." See Assignment of Statutory Right of Redemption from Foreclosure attached hereto as Exhibit "1" and incorporated herein as if fully set forth.

### The State Court Action

8. On October 1, 2020, Debtor filed a <u>Complaint</u> in the Circuit Court of Perry County, Alabama against the Defendants and alleged *inter alia* that beginning in 2017 the Defendants set out on a scheme to take the Debtor's property which was consummated during the calendar year of 2019 (hereinafter the "State Court Action"). The State Court Action is designated Case Number 53-CV-2020-900038. A copy of the <u>Complaint</u> filed in the State Court Action is attached hereto as Exhibit "2" and is incorporated herein as if fully set forth. The Debtor alleged that ServisFirst Bancshares, Inc. purposely loaned Debtor more money than he was able to pay back in order to obtain the equity in his home (subject to prior mortgages to other lenders) and his Perry County Farm (which was subject to a prior mortgage in favor of Alabama AG). Debtor also alleged in the State Court Action that ServisFirst Bancshares, Inc. improperly sued Debtor in the Bankruptcy Court to recover the proceeds of the collateral-equipment that Debtor sold- the Section 523(a)(6) Case. The claims asserted in the State Court Action by Debtor are fraud, negligence or wantonness and negligent or wanton hiring/training/supervision/retention of Morrison and McBride. See Exhibit "2".

9. While the records of the Clerk of Circuit Court in Perry County, Alabama have not been updated, Defendants were served with the <u>Summons & Complaint</u> in the State Court Action on the following dates: ServisFirst Bancshares, Inc.- October 7, 2020; Ron Morrison- October 5, 2020; Bart McBride- October 5, 2020; Team Windmill, LLC- October 5, 2020; and Pigeon Branch, LLC- October 5, 2020.

### Recent Northern District Bankruptcy Court Action

10. On October 2, 2020, Debtor filed a <u>Complaint to Declare Asset of Debtor</u> against the Trustee in the U.S. Bankruptcy Court for the Northern District of Alabama, Case Number AP 20-00040-TOM (hereinafter the "Northern District AP"). A copy of this <u>Complaint</u> is attached hereto as Exhibit "3" and incorporated herein as if fully set forth. In the Northern District AP, Debtor seeks a declaratory ruling that the claims asserted in the State Court Action were property of the Debtor, rather than "property of the estate."

The Debtor alleges that the U.S. Bankruptcy Court for the Northern District of Alabama has subject matter jurisdiction and the action is a "core proceeding" pursuant to 28 USC §157(b)(2). See Exhibit "3", ¶ 8, 9.

11. On October 7, 2020, the Trustee reopened the Chapter 7 Case to administer the asset which is the claim against the Defendants in the State Court Action.

12. On October 7, 2020, the Clerk of the Bankruptcy Court issued a Notice to Creditors in the Chapter 7 Case advising the creditors that assets have been discovered and that the creditors should submit Proof of Claims within ninety (90) days.

13. The Trustee has asserted in the Chapter 7 Case and the Northern District AP that the claims asserted in the State Court Action are "property of the estate" under 11 U.S.C. § 541(a) because much of the conduct alleged in the Complaint occurred before September 5, 2019. For example, the sale of the Debtors home took place months before the Bankruptcy Petition was filed in the Chapter 7 Case. See Amended Motion for Judgment on the Pleadings filed by the Trustee in the Northern District AP is attached hereto as Exhibit "4" and incorporated herein as if fully set forth herein.

14. It should be noted that any claim of the Debtor in the State Court Action relating to the foreclosure sale or redemption of the Perry County property was transferred by the Debtor to a third party before the State Court Action was filed. See Exhibit "1".

### General Averments

15. The State Court Action was filed after the Bankruptcy Petition was filed by Debtor in the Chapter 7 Case and this Court has jurisdiction over the claims asserted in the State Court Action pursuant to 28 U.S.C. §§ 1334(b). Whether the State Court Action accrued pre-petition or post-petition, the

State Court Action involves claims that either "arise under, arise in or are related to" a case under Title 11. 28 U.S.C. §§ 1334(b), 1334(e)(1).

16. Removal Defendants allege that this case involves claims which are a "core proceeding" pursuant to 28 U.S.C. § 157(b), requiring a threshold determination as to whether the claims are property of the estate and thus a proceeding "arising in" a Title 11 case, and requiring a determination of the scope of 11 USC §541, and thus a proceeding "arising under" Title 11. The Debtor made the same "core proceeding" allegation in the Complaint filed in the Northern District AP. See Exhibit "3", ¶ 9.

## Claims are Property of the Estate

17. When a bankruptcy case is filed, virtually all the debtor's assets vest in the bankruptcy estate. 11 U.S.C. §541(a)(1). Such property includes causes of actions belonging to a debtor at the commencement of a case. *In re Upshur*, 317 B.R. 446, 452 (Bankr. N.D. Ga.2004); *Chen v. Siemens Energy Inc.*, 467 F. App'x 852, 853-54 (11th Cir. 2012). "Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it." *Parker v. Wendy's International, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004), citing *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir.2003).

18. The Bankruptcy Trustee owns all causes of action that have accrued prior to the filing of the bankruptcy petition. *Taylor v. Wells Fargo Bank, NA (In re Taylor),* 2018 Bankr. LEXIS 660 *18 (Bankr. N.D. Ga. 2018).

19. In *Porrett v. Hillen (In re Porrett)*, 564 B.R. 57 (D. Idaho 2016) the court explained that the accrued claim is property of the estate even if the debtor did not know about the claim when the bankruptcy was filed.

> "Bankruptcy and appellate courts in and out of the Ninth Circuit agree that property of the bankruptcy estate includes accrued causes of action, even if the debtors were unaware of the claims

at the time they filed their bankruptcy petition. See, e.g., *In re Michael*, 423 B.R. 323, 330 (Bankr. D. Idaho 2009) ('If the cause of action accrued prior to a debtor's petition date, it is an asset that must be scheduled. . . . Moreover, the accrued cause of action is property of the estate even if the debtors were unaware of the claim when they filed for bankruptcy protection.' (quoting *In re Hettick*, 413 B.R. 733, 752 (Bankr. D. Mont. 2009)); *In re Brown*, 363 B.R. 591, 605 (Bankr. D. Mont. 2007) ('Moreover, [an] accrued cause of action is property of the estate even if the debtors were unaware of the claim when they filed for bankruptcy protection.'); accord *Tyler v. DH Capital Mgmt., Inc.*, 736 F.3d 455, 462 (6th Cir. 2013) ('[A]ll causes of action that hypothetically could have been brought pre-petition are property of the estate. This is the case 'even if the debtor[ ] w[as] unaware of the claim.' (internal citations omitted; quoting *In re Michael*, 423 B.R. at 330)); *Guay v. Burack*, 677 F.3d 10, 17 (1st Cir. 2012) (explaining that a debtor must disclose all potential claims in a bankruptcy petition, because such potential claims become property of the bankruptcy estate); *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (8th Cir. 2012) (explaining that pending and unliquidated claims, and even potential causes of action, must be disclosed and become property of the bankruptcy estate); *Wieburg v. GTE Southwest, Inc.*, 272 F.3d 302, 306 (5th Cir. 2001) (holding that, where the debtor filed bankruptcy after the events giving rise to her discrimination claims had occurred, the claims were property of the bankruptcy estate).

More specifically, '[a] cause of action need not be formally filed prior to the commencement of a bankruptcy case to become property of the estate.' *Clift v. BNSF Ry. Co.*, No. 2:14-CV-00152-LRS, 2015 U.S. Dist. LEXIS 103424, 2015 WL 4656151, *1 (E.D. Wash. Aug. 5, 2015) (citing *Cusano v. Klein*, 264 F.3d 936 (9th Cir. 2001)). Also, '[n]othing in § 541 limits property of the estate to property scheduled by a debtor.' *In re Blixseth*, 684 F.3d at 871; *Wickenkamp v. Hostetter Law Group, LLP*, 2:15-CV-296-PK, 2015 U.S. Dist. LEXIS 175782, 2015 WL 9948219, *13 (D. Or. Dec. 3, 2015) ('An accrued cause of action becomes

an asset of the bankruptcy estate, even if it is not scheduled as such.' (citing 11 U.S.C. § 541(a), and *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001))."

*In re Porrett*, 564 B.R. at 66-67.

20. In Alabama, a cause of action for fraud accrues for purposes of statute of limitations when the plaintiff first becomes aware of the misrepresentation. Alabama Code § 6-2-3 (1975).

21. In Alabama, a negligence/wantonness action accrues when the Plaintiff is first injured by the Defendant's conduct, even if other more significant damages later occur. In *Federal Savings & Loan Insurance Corporation, et al. v. Haralson, et al.*, 813 F.2d 370 (11th Cir. 1987) the court explained as follows:

> "The statute of limitations begins to run in favor of the party liable from the time the cause of action accrues, and the cause of action accrues as soon as the party in whose favor it arises is entitled to maintain an action. *Payne v. Alabama Cemetery Ass'n, Inc*., 413 So. 2d 1067, 1072 (Ala.1982). The fact the plaintiff is ignorant of the tort or injury does not toll the statute until discovery. *Id.* Nor does the fact the full amount of damages is not apparent at the time of the first legal injury prevent the cause of action from accruing:
>
>> 'If the act of which the injury is the natural sequence is of itself a legal injury to plaintiff, a completed wrong, the cause of action accrues and the statute begins to run from the time the act is committed, be the actual damage [then apparent] however slight, and the statute will operate to bar a recovery not only for the present damages but for damages developing subsequently and not actionable at the time of the wrong done; for in such a case the subsequent increase in the damages resulting gives no new cause of action.' *Home Ins. Co. v. Stuart-McCorkle, Inc*., 291 Ala. 601, 285 So. 2d 468, 473 (1973) (quoting *Kelley v. Shropshire*, 199 Ala. 602, 75 So. 291, 292 (1917)) (brackets in original)."

22. It is also true that the accrual of a cause of action for purposes of determining whether a claim is "property of the estate" is treated differently from determining when a cause of action accrues for purposes of the statute of limitations. In *Blanco v Bank of America, N.A.,* 2020 U.S. Dist. LEXIS 149453 *8-14 (M.D. Fla., August 19, 2020) the court held that a fraud claim had accrued and was 'property of the estate' even though a Florida statute allowed for the delayed assertion of that right as far as statute of limitations was concerned. As the court explained, there are different interests supporting the accrual doctrines when determining whether a claim is "property of the estate" and when the statute of limitations begins to run. *Blanco v Bank of America, N.A.,* supra at 8-14.

23. Under 11 U.S.C. § 554, once an asset becomes part of the bankruptcy estate, the debtor's rights in the asset are extinguished unless the asset is abandoned back to the debtor. *Parker v. Wendy's International et al.*, 365 F.3d 1268, 1272 (11th Cir. 2004). When a bankruptcy case is closed, property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceeding remains property of the estate. *Id.* Importantly, "[f]ailure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate." *Id.*, citing *Mobility Systems & Equip. Co. v. United States*, 51 Fed.Cl. 233, 236 (Fed.Cl.2001) (citing cases) and *Vreugdenhill v. Navistar Int'l Transp. Corp.*, 950 F.2d 524, 525-26 (8th Cir.1991).

## Subject Matter Jurisdiction

24. This Court has jurisdiction of this matter, pursuant to 28 USC §1334(b) as a civil proceeding "arising under" Title 11 or "arising in" a case under Title 11. The Debtor has invoked the jurisdiction of the United States Bankruptcy Court for the Northern District of Alabama to decide whether the claims asserted in the state court action are "property of the estate," in a proceeding that he himself characterizes as a "core proceeding," and thus a matter "arising in" a Title 11 case and/or "arising under" Title 11. See Exhibit 3, ¶ 6-8. The Debtor seeks an order to determine what is property of the estate and thus subject to the Debtor's Chapter 7 Case. *Id.* The litigation of the Debtor's claims in this present action will, as a threshold matter, require a determination as to whether the claims are property of the estate. The standing of the Debtor to bring the lawsuit depends upon this threshold determination. If the claims are property

of the estate they can only be brought by the Trustee as the real party in interest. The determination of what is property of the estate is a matter that can only arise in a Title 11 case and so it is a proceeding "arising in" a case under Title 11. It is also a proceeding "arising under" Title 11 as the court will have to determine the scope of 11 U.S.C. §541. *See In re Gladstone,* 513 B. R. 149, 156 (Bankr. S. D. Fla. 2014); *see also In re Bank United Financial Corp.*, 462 B.R. 885, 893-894, and n.24 (Bankr. S. D. Fla. 2011) ("What is or is not property of a bankruptcy estate is an issue that stems from the bankruptcy itself, one that can only arise in a bankruptcy proceeding, since the concept of what is property of a bankruptcy estate does not exist outside of a bankruptcy case. . . . The determination of what is or is not property of the estate has been widely recognized as a core matter.").

25. Alternatively, the State Court Action is "related to" a case under Title 11. 28 U.S.C. § 1334(b). In *Thomas Scott Tufts, et al. v. Edward C. Hay, et al*.,___ F.3d ___, 2020 WL 6144563, Case: 19-11496 (11th Cir. October 20, 2020), the court reiterated the rule of bankruptcy court jurisdiction as follows:

> "[T]he test for determining whether a civil proceeding is related to bankruptcy [under section 1334(b)] is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *In re Lemco Gypsum, Inc*., 910 F.2d 784, 788 (11th Cir. 1990) (quotation marks omitted).

26. Removal of each claim and cause of action of the State Court Action to the Bankruptcy Court is authorized by 28 U.S.C. §§ 1452, 1334 and 157 and the General Order of the District Court for the Southern District of Alabama referring bankruptcy matters to the United States Bankruptcy Court for the Southern District of Alabama. See Southern District of Alabama General L.R. 87.

### Jurisdiction Under 28 USC §1441

27. Removal Jurisdiction also exists under 28 U.S.C. § 1441. The <u>Complaint</u> in the State Court Action alleges claims that arise under the Bankruptcy Code. Therefore, federal question jurisdiction exists under 28 U.S.C. § 1331, because the State Court Action is a civil proceeding arising under a law of the United

States. *In re Seven Springs Apartments- Phase II*, 34 B.R. 987, 993-994 (N.D. Ga. 1998)(Section 1331 provides the Bankruptcy Court with an independent basis of subject matter jurisdiction). As such, removal under Section 1441 is appropriate.

### Procedure After Removal

28. The State Court Action, until the filing of this Notice of Removal and the filing of a copy of this Notice of Removal with the State Court, was still pending before the State Court.

29. Upon information and belief, Defendant, Pigeon Branch, LLC, will file a Joinder to Removal.

30. This Notice of Removal is accompanied by a copy of process and pleadings in the State Court Action in accordance with Rule 9027(1) of the Federal Rules of Bankruptcy Procedure. The term "pleadings" is defined by Rule 7 of the Federal Rules of Civil Procedure. Copies of the above-mentioned process and pleadings are to be filed contemporaneously with the filing of this Notice of Removal. If additional documents relating to the State Court Action are required, the Defendants will submit such documents. The Docket Sheet from the State Court Action and all documents filed in the State Court Action are attached hereto as Exhibit "5" and incorporated herein as if fully set forth.

NOW THEREFORE, all parties to the pending State Court Action, are HEREBY NOTIFIED pursuant to Rule 9027(e) of the Federal Rules of Bankruptcy Procedure, as follows:

A. Removal of the State Court Action and all claims and causes of action therein was effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to Rule 9027(c) of the Federal Rules of Bankruptcy Procedure.

B. The State Court Action is removed from the State Court to the United States District Court for the Southern District of Alabama and referred to the United States Bankruptcy Court for the Southern District of Alabama.

C. The parties to the State Court Action shall proceed no further in the State Court unless and until the action is remanded by the bankruptcy court.

DATED: November 4, 2020.

> Respectfully submitted,
>
> /s/ Douglas J. Centeno
> Douglas J. Centeno, Esq.
> ASB-4507T78D
> Co-*Counsel for ServisFirst Bancshares, Inc.*

**OF COUNSEL**:
BENTON, CENTENO & MORRIS, LLP
2019 3rd Avenue North
Birmingham, Alabama 35203
(205) 278-8000 Phone
(205) 278-8005 Facsimile
dcenteno@bcattys.com

> /s/ Jeffery J. Hartley
> Jeffrey J. Hartley, Esq.
> ASB- 4885H66J
> Co-Counsel for ServisFirst Bancshares, Inc.
>
> /s/ William W. Watts, III
> William W. Watts, III, Esq.
> ASB-5095S67W
> Co-Counsel for ServisFirst Bancshares, Inc.

**OF COUNSEL:**
HELMSING, LEACH, HERLONG
  NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, AL 36652
(251) 432-5521- Phone
jjh@helmsinglaw.com
www@helmsinglaw.com

/s/ P. Thomas Dazzio, Jr.
P. Thomas Dazzio, Jr., Esq.
ASB- 4313A30P
*Counsel for Bart McBride*

**OF COUNSEL:**
FRIEDMAN, DAZZIO, ZULANAS & BOWLING, P.C.
3800 Corporate Woods Drive
Birmingham, Alabama 35242
(205) 278-7040- Phone
tdazzio@friedman-lawyers.com

/s/ H. Lanier Brown, II
H. Lanier Brown, II, Esq.
ASB- 1705W51H
*Counsel for Ron Morrison and
   Team Windmill, LLC*

**OF COUNSEL:**
WATKINS & EAGER, PLLC
Saks Building
1904 First Avenue North, Suite 300
Birmingham, Alabama 35203
(205) 598-2100- Phone
lbrown@watkinseager.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following below of record by PACER ECF/CM, electronic filing, e-mail and/or placing a copy of same in the U.S. Mail, postage prepaid and properly addressed, on this the 4th day of November, 2020:

Thomas T. Gallion, III, Esq.
HASKELL SLAUGHTER GALLION & WALKER, LLC
8104 B Seaton Place
Montgomery, Alabama 36116
ttg@hsg-law.com
*Counsel for Plaintiff, Jimmy W. Masingill, Jr.*

Page **12** of **13**

Tyrone Means, Esq.
MEANS GILLIS LAW, P.C.
60 Commerce Street, Suite 200
Montgomery, Alabama 36104
tcmeans@meansgillislaw.com
*Counsel for Plaintiff, Jimmy W. Masingill, Jr.*

Robert H. Turner, Esq.
TURNER, TURNER & BRYANT
416 Washington Street
Marion, Alabama 36756
rturner@turnerandturner.lawyer
*Counsel for Plaintiff, Jimmy W. Masingill, Jr.*

J. Milton Coxwell, Jr.
COXWELL & COXWELL
P.O. Box 625
Monroeville, Alabama 36461-0625
coxwelaw@gmail.com
*Counsel for Pigeon Branch, LLC*

/s/Douglas J. Centeno
OF COUNSEL