# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JIMMY W. MASINGILL, JR., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 2:20-cv-524-TFM-MU |
| SERVISFIRST BANCSHARES, INC., *et al.*, | : |
| Defendants. | : |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are three related motions: (1) Defendant ServisFirst Bancshares, Inc.'s, *Motion to Transfer Proceeding to Northern District of Alabama* (Doc. 6, filed November 6, 2020); (2) *Plaintiff Jimmy W. Masingill, Jr.'s Motion to Remand or, Alternatively, for Abstention* (Doc. 12, filed November 30, 2020); (3) Defendant ServisFirst Bancshares, Inc.'s, *Motion for Referral to Bankruptcy Court* (Doc. 23, filed December 11, 2020); and (4) Defendant ServisFirst Bancshares, Inc.'s, *Motion to Dismiss, or Alternatively, Motion to Transfer Amended Complaint* (Doc. 44, filed May 25, 2021) . Defendant ServisFirst Bancshares, Inc., moves the Court transfer this matter to the Northern District of Alabama and, pursuant to 28 U.S.C. § 157(a) and S.D. Ala. GenLR 87, refer this matter to the United States Bankruptcy Court for the Southern District of Alabama. Docs. 6, 23, 44. Plaintiff Jimmy W. Masingill, Jr., moves the Court, pursuant to 28 U.S.C. § 1447, remand this matter to the Circuit Court of Perry County, Alabama or, in the alternative, abstain from exercising jurisdiction in this matter. Doc. 12. Having considered the motions, responses, replies, and relevant law, the Court finds Plaintiff Jimmy W. Masingill, Jr.'s, alternative request for abstention (Doc. 12) is due to be **GRANTED**, and (1) the Motion to Transfer

Proceeding to Northern District of Alabama (Doc. 6), (2) Plaintiff Jimmy W. Masingill, Jr.'s, motion to remand (Doc. 12), (3) the Motion for Referral to Bankruptcy Court (Doc. 23), and (4) alternative request to transfer this matter to the Northern District of Alabama (Doc. 44) are due to be **DENIED**. Further, the Court **REMANDS** this matter to the Circuit Court of Perry County, Alabama, pursuant to 28 U.S.C. § 1452(b). The remaining motions, *Motion to Dismiss, or in the Alternative, Motion for More Definite Statement and Brief* (Doc. 37) and *Alabama AG Credit, FLCA's Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, Motion for More Definite Statement* (Doc. 41), and motion to dismiss (Doc. 44) remain pending for resolution by the Circuit Court of Perry County, Alabama.

## I.     PROCEDURAL BACKGROUND

On September 5, 2019, Jimmy W. Masingill, Jr. ("Plaintiff"), filed a voluntary chapter 7 petition ("Chapter 7 Case") in the United States Bankruptcy Court for the Northern District of Alabama, Southern Division ("Northern District Bankruptcy Court"). Doc. 1-5 at 69-120. On March 4, 2020, ServisFirst Bank, Inc., ("ServisFirst") filed its Complaint to Except Debt from Discharge in the Chapter 7 Case. *Id.* at 147-63. On May 7, 2020, Plaintiff assigned his statutory redemption rights "together with all right, title and interest of Assignor [(Plaintiff)] in and to the property described or referred to in the aforesaid mortgage to Will Kadish, his heirs and assigns." *Id.* at 155. The property that is referenced in the assignment is described as follows:

> The Southeast 1/4 of the Northeast 1/4 of Section 2, Township 20 North, Range 7 East.
>
> The South Half of the Northwest Quarter; the Southwest Quarter; the West Half of the Southeast Quarter; the South Half of the Northeast Quarter; the Northeast Quarter of the Northeast Quarter; and the South Half of the Northwest Quarter of the Northeast Quarter of Section 1, Township 20 North, Range 7 East, Perry County, Alabama.

> The West Half of the Northwest Quarter of Section 6, Township 20 North, Range 8 East, Perry County, Alabama.  LESS AND EXCEPT an undivided one-half (1/2) interest in and to all oil, gas and other minerals situated in, on and under the real estate herein above described as recorded in the Office of the judge of Probate of Perry County, Alabama, in Book 531 and Page 387.
>
> The North half of the Northeast Quarter of the Southeast Quarter (N 1/2 of the NE 1/4 of the SE 1/4) of Section 1 Township 20 North, Range 7 East, Perry County, Alabama.
>
> LESS AND EXCEPT one-half (1/2) acre in the Southeast corner of the North half of the Northeast Quarter of the Southeast Quarter (N 1/2 of the NE 1/4 of the SE 1/4) of said Section 1, Township 20 North, Range 7 East.  Said one-half (1/2) acre lot being one hundred-forty-eight (148) feet square.
>
> 7.50 acres, more or less, lying North and West of Alvin Carter Road in the West Half of the Northwest Quarter of the Southwest Quarter of Section 6, Township 20 North, Range 8 East, Perry County, Alabama.
>
> This conveyance is made subject to any and all easements, encumbrances, restrictions, reservations and rights of way, if any, appearing of record affecting the above described property.  This conveyance is also made subject to the statutory rights of redemption from said foreclosure sale on the part of those entitled to redeem as provided by the laws of the State of Alabama and the United States of America and unpaid taxes, if any.
>
> [(the "Perry County Property")]

Doc. 1-5 at 145-46.  On March 6, 2020, Plaintiff received a discharge from bankruptcy in the Chapter 7 Case.  Doc. 1 at 2.

On October 1, 2020, Plaintiff originally filed his instant Complaint in the Circuit Court of Perry County, Alabama, in which he brings claims of fraud, negligence, wantonness, and negligent and wanton hiring, training, supervision, and retention.  Doc. 1-5 at 15-29.  Plaintiff asserts his claims against Bart McBride, Ron Morrison, Pigeon Branch, LLC ("Pigeon Branch"), ServisFirst, Team Windmill, LLC ("Team Windmill"), and fictitious parties.  Doc. 1-5 at 15-29. Mr. McBride, Mr. Morrison, Pigeon Branch, and Team Windmill were served with summonses and copies of the Complaint on October 5, 2020, and ServisFirst was served with a summons and a copy of the

Complaint on October 7, 2020.  Doc. 1 at 3.

On October 2, 2020, Plaintiff filed his Complaint to Declare Asset of Debtor with the Northern District Bankruptcy Court, in which he requested the court enter a declaratory judgment that states his instant claims belong to him and are not property of the bankruptcy estate.  Doc. 1-3.  The trustee in the Chapter 7 Case filed his Amended Motion for Judgment on the Pleadings with the Northern District Bankruptcy Court, in which he requested the court declare Plaintiff's instant claims are assets of the bankruptcy estate.  Doc. 1-4 at 1-2.

On November 4, 2020, Mr. McBride, Mr. Morrison, ServisFirst, and Team Windmill (collectively, "the Removing Defendants") filed with this Court their Notice of Removal in which they invoked subject-matter jurisdiction pursuant to 28 U.S.C. § 1334(b) as a matter "arising under" Title 11 or "arising in" a case under Title 11, or, alternatively, one that is "related to" a case under Title 11.  Doc. 1 at 8-9.  Pigeon Branch filed its consent to the Notice of Removal on December 7, 2020.  Doc. 16.

On November 6, 2020, ServisFirst filed its Motion to Transfer Proceeding to Northern District of Alabama ("motion to transfer") for which the Court entered a submission order.  Docs. 6, 7.  Plaintiff timely filed his response to the motion to transfer, and ServisFirst timely replied.  Docs. 13, 20.  Pigeon Branch filed its consent to the motion to transfer.  Doc. 16.

On November 30, 2020, Plaintiff Jimmy W. Masingill, Jr., filed his motion to remand and alternative request for abstention, for which the Court entered a submission order.  Docs. 12, 14.  The Removing Defendants timely filed their response to the motion to remand and Plaintiff timely replied.  Docs. 26, 28.

On December 11, 2020, ServisFirst filed its Motion for Referral to Bankruptcy Court and on May 25, 2021, filed its Motion to Dismiss, or Alternatively, Motion to Transfer Amended

Complaint. Docs. 23, 44.

The motions are ripe for the Court's review.[1]

## II.     DISCUSSION AND ANALYSIS

The Court will first address Plaintiff's motion to remand.

In Plaintiff's motion to remand, he argues Pigeon Branch did not timely join in the removal pursuant to 28 U.S.C. § 1446; his claims do not arise under, arise in, or relate to a bankruptcy case pursuant to Title 11; and his claims are exclusively state-law claims that accrued after his Chapter 7 Case concluded, and are not part of the bankruptcy estate. Doc. 12 at 1-2. Alternatively, Plaintiff argues if this Court determines abstention is not mandatory, it should use it discretion and abstain from ruling on his exclusively state-law claims. *Id.* The Removing Defendants argue Plaintiff's claims arose before he filed his Chapter 7 Case and, thus, are property of the bankruptcy estate and Plaintiff's compromise with the bankruptcy trustee entitles the trustee to a thirty percent (30%) interest in any recovery on his claims. Doc. 26 at 2-3. Further, the Removing Defendants argue Plaintiff's alternative request for the Court to abstain pursuant to 28 U.S.C. §§ 1334(c)(2) and 1334(c)(1) should be decided by the Northern District Bankruptcy Court, which they argue is in the best position to evaluate and assign weight to the relevant abstention factors. *Id.* at 3. Finally, the Removing Defendants argue, if the Court decides to rule on Plaintiff's request to abstain, Plaintiff has not met his burden to show this matter can be timely adjudicated in the Circuit Court of Perry County, Alabama; the determination of whether the claims are property of the bankruptcy

---

[1] As stated, in light of the ultimate ruling here, the remaining motions, Motion to Dismiss, or in the Alternative, Motion for More Definite Statement and Brief (Doc. 37), Alabama AG Credit, FLCA's Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, Motion for More Definite Statement (Doc. 41), and motion to dismiss (Doc. 44), are due to be resolved by the Circuit Court of Perry County, Alabama.

Page 5 of 17

estate eliminates mandatory abstentions; and the factors that are to be considered for discretionary abstention do not weigh in favor of abstention. *Id.* at 3-4. The Court will address each argument in turn.

**A.     Timely Joinder in Removal**

The statutory language that Plaintiff cites to support his argument that Pigeon Branch did not timely join in the Removing Defendants' Notice of Removal states in relevant part, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action" and "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(A)-(B). Further, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

Plaintiff's argument that Pigeon Branch did not file its consent to the Notice of Removal within the prescribed thirty (30) days is technically correct. Pigeon Branch's consent to the Notice of Removal was untimely whether the thirty (30) days is calculated from the date the later-served defendant, ServisFirst, was served or the date ServisFirst filed its Notice of Removal.[2] *See Piard v. VRP Transp., Inc.*, Civ. Act. No. 3:18-CV-847-WKW, 2019 U.S. Dist. LEXIS 6956, at *7, 2019 WL 210402, at *3 (M.D. Ala. Jan. 15, 2019) (citing *Couzens v. Donohue*, 854 F.3d 508, 514 (8th Cir. 2017) (noting "[s]ome courts have interpreted § 1446(b)(2)(C) to require an earlier-served

---

[2] The Removing Defendants state in their Notice of Removal "[u]pon information and belief, [Pigeon Branch] will file a Joinder to Removal." Doc. 1 at 10. However, the Court finds such is not explicit consent to the removal, which is supported by Pigeon Branch's standalone consent to the Notice of Removal. Doc. 16.

defendant . . . to consent to removal within the later-served defendant's thirty-day removal window, while other courts have construed it to permit an earlier-served defendant thirty days from the date of the later-served defendant's removal to consent"). However, the Removing Defendants did not remove this matter solely under § 1441(a). The Removing Defendants also invoked removal pursuant to 28 U.S.C. § 1452(a), which allows a party to remove a claim "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Therefore, Plaintiff's argument that is based on 28 U.S.C. § 1446(b) fails.

**B.    Whether Plaintiff's Claims Arise Under, Arise in, or Relate to a Bankruptcy Case Pursuant to Title 11**

> [I]n the context of bankruptcy jurisprudence, [jurisdiction] is derived by "a conjunctive reading of three federal statutes enacted by Congress as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984 codified in §§ 28 U.S.C. 1334, 157, and 151." [*Reynolds v. Behrman*] (*In re Atherotech*[*, Inc.*]), 582 B.R. [251,] 256 [(Bankr. N.D. Ala. 2017)] (citing *API Holdings LLC v. Frost Cummings Tidwell Grp.*, LLC (*In re Adams Produce Co., LLC*), No. 12-02036-TOM-11, A.P. No. 12-00138-TOM, 2013 WL 542472, at *1, *2 (Bankr. N.D. Ala. Feb. 12, 2013)). The starting point for establishing bankruptcy jurisdiction is §1334 of Title 28. It references four types of bankruptcy proceedings which define the scope of bankruptcy jurisdiction: (1) "cases under title 11", (2) proceedings arising under title 11," (3) proceedings "arising in" a case under title 11, and (4) proceedings "related to" a case under title 11. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 92 (5th Cir. 1987). "The first category refers merely to the bankruptcy petition itself, over which district courts (and their bankruptcy units) have original and exclusive jurisdiction." *In re Wood*, 825 F.2d at 91. The second category, proceedings "arising under title 11," are the type of proceedings that "involve a cause of action created or determined by a statutory provision of title 11." *Id.* at 96. And the third category, proceedings "arising in" a case under title 11 reference those "'administrative' matters that arising *only* in bankruptcy proceedings . . . would have no existence 'outside of bankruptcy.'" *Id.* at 97. Proceedings which do not fall into the other three categories but could "*conceivably* have an effect on the estate being administered in bankruptcy" are considered "related to" proceedings. *Id.* at 93 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). "It is not necessary to distinguish between these four categories for the purpose of determining whether a particular matter falls within bankruptcy jurisdiction as 'these references operate conjunctively to define the scope of jurisdiction.'" *In re Atherotech*, 582 B.R. at 257-58 (citations omitted).

> "Therefore, it is necessary only to determine whether the matter is at least 'related to' the bankruptcy." *Id.*

*Commonwealth Assisted Living, LLC, Series E v. Vestavia Hills, Ltd.*, 616 B.R. 159, 166-67 (Bankr. N.D. Ala. Feb. 28, 2020).

> The test for whether an action is related to a bankruptcy matter is fairly broad:
>
> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

*In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990); *see also Tufts v. Hay*, 977 F.3d 1204, 1209 (11th Cir. 2020) (quoting same); *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999) (quoting same).

In the Notice of Removal, the Removing Defendants state Plaintiff, on September 5, 2019, filed a Chapter 7 petition with the Northern District Bankruptcy Court, and in his disclosures, he did not list or identify his instant claims against ServisFirst and others as an asset of the estate. Doc. 1 at 1-2. The Removing Defendants state, on March 4, 2020, ServisFirst filed a Complaint to Except Debt from Discharge against Plaintiff, pursuant to 11 U.S.C. § 523(a)(6), in regard to his failure to remit to it the net sales proceeds of collateral that was sold by him to third parties between 2017 and 2019, which case remains pending before the Northern District Bankruptcy Court. *Id.* at 2. The Removing Defendants state Plaintiff received a discharge on March 6, 2020, in the Chapter 7 Case, and Plaintiff filed his instant action on October 1, 2020. *Id.* at 2-3. The Removing Defendants state Plaintiff, on October 2, 2020, filed against the Trustee in his Chapter 7 Case a Complaint to Declare Asset of Debtor in which he seeks a declaratory ruling that his instant claims are his property, rather than property of the estate. *Id.* at 3-4.

In the instant Complaint, Plaintiff claims fraudulent conduct that began in 2017, before he filed his Chapter 7 Case. Doc. 1-2. Plaintiff goes on to allege the plot to defraud him was revealed in March 2019. Doc. 1-2 at 4-5.

Based on the foregoing information, the Removing Defendants argue Plaintiff invoked the jurisdiction of the Northern District Bankruptcy Court when he requested that court decide whether the claims in his state-court action are property of the estate, an issue that can only arise in a Title 11 case, pursuant to 11 U.S.C. § 541. *Id.* at 8-9. Alternatively, the Removing Defendants argue Plaintiff's state-court action is related to a case under Title 11, pursuant to 28 U.S.C. § 1334(b). *Id.* at 9.

> Causes of action belonging to a debtor at the initiation of his bankruptcy case become part of the bankruptcy estate. *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004). . . . [A]fter a cause of action becomes part of a Chapter 7 bankruptcy estate, the trustee, as the representative of the estate, becomes the only party with standing to bring that cause of action. *Parker*, 365 F.3d at 1272. The rights of the debtor to that cause of action are thus eliminated, unless the trustee abandons the property under 11 U.S.C. § 554. *Id.* However, where the cause of action was not listed on the property schedule so that the trustee does not know about it, the cause of action cannot be abandoned and remains in the bankruptcy estate once the bankruptcy case is closed. *Parker*, 365 F.3d at 1272 (citing *Mobility Sys. & Equip. Co. v. United States*, 51 Fed. Cl. 233, 236 (Fed. Cl. 2001); *Vreugdenhill v. Navistar Int'l Transp. Corp.*, 950 F.2d 524, 525-26 (8th Cir. 1991)).

*Henderson v. Franklin*, 782 F. App'x 866, 870 (11th Cir. 2019).[3]

What constitutes property of a bankruptcy estate is considered a core proceeding. *See* 28 U.S.C. § 157 (b)(2)(B) ("Core proceedings include, but are not limited to . . . allowance or disallowance of claims against the estate or exemptions from property of the estate."). However:

---

[3] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

> The term "core proceeding" is sometimes stated to be "roughly equivalent" to "arising under title 11 or arising in a case under title 11." 3 David G. Epstein, Steven H. Nickles, and James J. White, Bankruptcy 198 (West 1992). It is tempting to leap from this generalization to the conclusion that if the matter is "core" it must be within the subject matter jurisdiction of the federal courts. Although this conclusion is generally, if not always, true, this should not lead to the practice of using the term "core proceeding" interchangeably with "arising under title 11 or arising in a case under title 11."
>
> Approaching subject matter jurisdiction by referring to whether a matter is "core" or not may be confusing because it fails to recognize the distinction between the concepts of subject matter jurisdiction, exercise of jurisdiction, and withdrawal of the reference. The term "core proceeding" was actually adopted by Congress following *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S. Ct. 2858, 73 L. Ed. 2d 598 (1982), to comprise those matters which constitute "public rights" created by federal statute as opposed to state-created "private rights." "Private rights" are those which are inherently judicial in nature and are created by the states or are grounded in common law. *Id.* at 67-71, 102 S. Ct. at 2869-72. "Public rights" are those that would not exist but for their creation by federal statute. *Id.* The Supreme Court held in *Marathon* that bankruptcy judges who are appointed under Article 1 of the Constitution may only hear and determine "public rights" and that district judges appointed under Article III of the Constitution must hear and determine matters concerning "private rights." *Id.* The policy concerns were over the separation of powers between the judicial branch and the legislative branch. The Supreme Court in *Marathon* was concerned that, by creating "courts" under Article I to hear inherently judicial matters, Congress had overstepped the bounds of its authority, was usurping the powers of the judicial branch, and was violating the tenets of the doctrine of separation of powers. *Id.*
>
> To address this concern the concept of "withdrawal of the reference" was created by Congress. The federal district courts were given the power to withdraw the reference from the bankruptcy court in order to prevent a matter concerning "private rights" from being adjudicated by an Article I court. The term "core proceeding" was adopted and 28 U.S.C. § 157(c) was enacted to aid in the decision of when the reference should be withdrawn, i.e., when "private rights" are at issue in a matter. Designation of a proceeding as "core" related to whether it is due to be heard in an Article III court rather than in an Article I court and has no relevance to the issue of whether or not subject matter jurisdiction exists in the federal courts.

*In re Royal*, 197 B.R. 341, 347-48 (N.D. Ala. 1996).

Plaintiff alleges in his Complaint conduct that occurred before he filed his Chapter 7 Case, and to determine whether Plaintiff's claims are part of his bankruptcy estate, a bankruptcy court must "look to state law to determine when a claim arises, and if it arises on or before the

commencement of the bankruptcy case, it is part of the bankruptcy estate." *In re Bracewell*, 454 F.3d 1234, 1242 (11th Cir. 2006). Whether Plaintiff's instant claims accrued prior to his Chapter 7 Case, and whether they would be property of the bankruptcy estate, would be a core proceeding that is more appropriate for the bankruptcy court to determine.

However, Plaintiff and the trustee filed with the Northern District Bankruptcy Court a Joint Motion to Approve Compromise, in which they requested the Bankruptcy Court approve their points of compromise to, among other things, resolve Plaintiff's Complaint to Declare Asset of Debtor and the trustee's Amended Motion for Judgment on the Pleadings. Doc. 12-2. As part of the Joint Motion to Approve Compromise, Plaintiff and the trustee agreed Plaintiff would pay to the trustee thirty (30) percent of any recovery from this action. *Id.* The Northern District Bankruptcy Court granted the Joint Motion to Approve Compromise, ruled the matter moot, and directed the Clerk of Court to close the adversary proceeding. Doc. 28-1. Despite this, the Court's jurisdiction is determined at the time of removal when the question of whether Plaintiff's claims would be property of the bankruptcy estate was undetermined, which would have been a core proceeding that arises under and, at least, is related to a case under Title 11. *Stern v. Marshall*, 564 U.S. 462, 475-76, 131 S. Ct. 2594, 2604, 180 L. Ed. 2d 475 (2011) (stating core proceedings are those that arise in a bankruptcy case or under Title 11); *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) (citing *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1332 (11th Cir. 1998)) ("The existence of federal jurisdiction is tested at the time of removal."); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6, 127 S. Ct. 1397, 1409 n.6, 167 L. Ed. 2d (2007) ("It is true that, when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."); *Poore v. Am.-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290-

91 (11th Cir. 2000) ("events occurring after removal . . . do not oust the district court's jurisdiction."). Therefore, a mandatory remand is not necessary. Now, the Court must determine whether it is proper to exercise its jurisdiction in light of the resolution of the Chapter 7 Case.

The Removing Defendants argue the Court should refer this matter to the local Bankruptcy Court and the matter ultimately transferred to the Northern District Bankruptcy Court under the "conduit court" theory.

> [I]n the context of bankruptcy jurisdiction and a motion to transfer, courts have developed two competing theories regarding the proper order of review. Some courts have concluded "that the bankruptcy court in which the bankruptcy is pending (usually referred to as the 'home court') is in the best position to determine the issues underlying motions to abstain or remand." *In re ScanWare, Inc.*, 441 B.R. 889, 895 (Bankr. S.D. Ga. 2009) (collecting cases). "The theory underlying this argument 'is often referred to as the conduit court theory because it treats the local bankruptcy court as a mere conduit with little role in determining where the removed lawsuit should be heard.'" *Id.* at 896 (quoting *Frelin v. Oakwood Homes Corp.*, 292 B.R. 369, 380 (Bankr. E.D. Ark. 2003)). "Under the conduit court theory, the local bankruptcy court does little more than determine the initial jurisdictional issue and whether the removal notice is properly and timely filed." *In re AG Indus., Inc.*, 279 B.R. 534, 540 (Bankr. S.D. Ohio 2002) (citation omitted). "If properly filed and jurisdiction is established under § 1334, the local bankruptcy court transfers the state court matter to the home bankruptcy court under the change of venue statute and allows the home bankruptcy court to make the final decision whether to keep or remand the matter to state court." *Id.* (citation omitted). Alternatively, "[a]nother line of case law holds that the bankruptcy court to which the state court lawsuit is removed ('the local bankruptcy court') has the right to decide a pending motion to abstain or remand before determining whether venue is proper in the home bankruptcy court." *ScanWare*, 422 B.R. at 896 (quoting *Frelin*, 292 B.R. at 379) (collecting cases).

*El Paso E&P Co., L.P. v. CMV Joint Venture*, Civ. Act. No. 7:09-CV-1621-RDP, 2010 U.S. Dist. LEXIS 159653, at *15-17, 2010 WL 11579728 at *6 (N.D. Ala. 2010).

At this point in the litigation, the basis for jurisdiction under 28 U.S.C. § 1334 has been removed and the adversary proceeding closed in the Chapter 7 Case, and the Court finds it appropriate to analyze Plaintiff's abstention arguments. Doc. 26 at 10-18.

C. **Abstention**

Plaintiff first argues mandatory abstention applies in this matter. Doc. 12 at 19-22.

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). In this case, the Court has found it arises under Title 11, so mandatory abstention does not apply.

Plaintiff alternatively argues if abstention is not mandatory, the Court should still use its discretion to abstain from this matter. Doc. 12 at 22-25.

> The doctrine of permissive abstention applies where "in the interest of justice, or in the interest of comity with State courts or respect for State law" the court finds it appropriate to abstain "from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). Similarly, § 1452(b) provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).
>
> The doctrines of equitable remand and permissive abstention are similar and courts generally consider the same factors in analyzing both sections. *See In re United Container LLC*, 284 B.R. [162,] 176 [(Bankr. S.D. Fla 2002)] and cases cited therein.

*Lennar Corp. v. Briarwood Capital LLC*, 430 B.R. 253, 267 (Bankr. S.D. Fla. 2010).

> Courts have considered a number of factors in determining whether discretionary abstention is appropriate:
>
> > (1) the effect of abstention, or lack thereof, on the efficient administration of the bankruptcy estate;
> >
> > (2) the extent to which state law issues predominate over bankruptcy issues;
> >
> > (3) the difficulty or unsettled nature of the applicable law;

    (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

    (5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334;

    (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

    (7) the substance rather than the form of an asserted "core" proceeding;

    (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

    (9) the burden of the bankruptcy court's docket;

    (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

    (11) the existence of a right to jury trial; and

    (12) the presence in the proceeding of non-debtor parties.

*In re Perfect Home L.L.C.*, 231 B.R. 358, 361 (Bankr. N.D. Ala. 1999) (citing *In re Wedla, Inc.*, 204 B.R. 1006, 1016 (Bankr. N.D. Ala. 1996)).

    The Court will address the relevant factors in turn:

    (1) Abstention will not affect the administration of the bankruptcy estate since the matter is closed, as well as the adversary proceeding to declare whether Plaintiff's claims are property of the bankruptcy estate. Specifically, the adversary proceeding was closed by the Northern District Bankruptcy Court upon joint motion of Plaintiff and the trustee. This factor weighs heavily in favor of abstention.

    (2) Plaintiff's claims -- fraud, negligence, wantonness, and negligent and wanton hiring, training, supervision, and retention -- in his Complaint are strictly state-law issues. Since the Northern District Bankruptcy Court reviewed and closed the adversary proceeding, there are no

more pending bankruptcy issues. This factor weighs heavily in favor of abstention.

(3) The state-law issues in regard to Plaintiff's claims are not difficult or unsettled. This factor weighs slightly against abstention.

(4) This matter was removed to this Court from the state circuit court. This factor weighs in favor of abstention especially since the adversary proceeding has been resolved and closed by the Northern District Bankruptcy Court.

(5) This Court's jurisdiction was exclusively premised on 28 U.S.C. § 1334(b), which now has been resolved subsequent to removal but prior to any other legal determination. This factor weighs in favor of abstention.

(6) The issue of whether Plaintiff's instant claims are property of the estate is related to his Chapter 7 Case, but that issue now has been resolved. This factor weighs in favor of abstention.

(7) The Court determined whether Plaintiff's instant claims are property of the estate is a core proceeding, but, again, that issue now has been resolved. This factor weighs in favor of abstention.

(8, 9) Since the issue of whether Plaintiff's instant claims are property of the estate now has been resolved and the reopened matter closed, it is not necessary to sever his purely state-law claims, and the matter has no effect on the bankruptcy court's docket. This factor weighs in favor of abstention.

(10) The Court has not identified evidence of forum shopping in this instance. This factor does not weigh in favor or against abstention and is neutral.

(11) Plaintiff is entitled to a trial by jury in the state circuit court. This factor weighs in favor of abstention.

(12) Only two of the parties that are involved in the instant matter were involved in the

Chapter 7 Case. This factor weighs in favor of abstention.

On balance, the permissive abstention factors way in favor of abstention. Therefore, the Court will exercise its discretion and decline to hear this matter.

**D.     Remand**

Plaintiff does not argue for remand under 28 U.S.C. § 1452(b). However, claims that are removed to a district court and are related to a bankruptcy matter may be remanded on "any equitable ground." 28 U.S.C. § 1452(b). Such equitable grounds include (1) forum non conveniens, (2) a state court's heightened ability to deal with questions of state law, (3) the expertise of a particular court, (4) the duplicative or uneconomic effort of judicial resources in two forums, (5) prejudice to involuntarily removed parties, (6) comity considerations, and (7) the lessened possibility of inconsistent results. *In re Adams Produce Co., LLC*, 2013 Bankr. LEXIS 549, at *12-13, 2013 WL 542472, at *3.

Here, the equitable grounds of (1) forum non conveniens, (2) a state court's heightened ability to deal with questions of state law, (5) prejudice to involuntarily removed parties, and (6) comity considerations weigh in favor of remand as well as the Court's decision to abstain in this matter. The Circuit Court of Perry County, Alabama would be a more convenient forum because this matter involves the sale of real property that is located in Perry County, the claims in this matter are all state-law issues, and Plaintiff will enjoy the forum that he originally chose to bring his claims if this matter is remanded. Finally, this matter was properly before the Circuit Court of Perry County, Alabama when it was originally filed, and the basis for jurisdiction under 28 U.S.C. § 1334 has been removed and the adversary proceeding closed in the Chapter 7 Case. Accordingly, this matter will be remanded to the Circuit Court of Perry County, Alabama on equitable grounds pursuant to 28 U.S.C. § 1452(b).

### III.   CONCLUSION

Accordingly, Plaintiff Jimmy W. Masingill, Jr.'s Motion to Remand or, Alternatively, for Abstention (Doc. 12) is **GRANTED in part and DENIED in part**.  Plaintiff Jimmy W. Masingill, Jr.'s, alternative request for abstention is due to be **GRANTED**, and his motion to remand pursuant to 28 U.S.C. § 1447 is due to be **DENIED**.  The Court **ABSTAINS** from hearing this matter, and this matter is **REMANDED** to the Circuit Court of Perry County, Alabama, pursuant to 28 U.S.C. § 1452(b).

ServisFirst's Motion to Transfer Proceeding to Northern District of Alabama (Doc. 6), Motion for Referral to Bankruptcy Court (Doc. 23), and alternative request to transfer this matter to the Northern District of Alabama (Doc. 44) are **DENIED**.

**DONE** and **ORDERED** this 26th day of May 2021.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE